**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re: HYNES, TRACY L. | § | Case No. 15-20962-JJT |
| | § | |
| | § | |
| Debtor(s) | § | |

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on May 29, 2015. The undersigned trustee was appointed on May 29, 2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of     $          100,000.00

| | |
|---|---:|
| Funds were disbursed in the following amounts: | |
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 30,395.45 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]          $ | 69,604.55 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 07/06/2016 and the deadline for filing governmental claims was 11/25/2015. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $5,513.33. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $5,513.33, for a total compensation of $5,513.33.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $26.22, for total expenses of $26.22.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/14/2018      By: /s/JOHN J. O'NEIL JR.
                          Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 15-20962-JJT  
**Case Name:** HYNES, TRACY L.  

**Trustee:** (270020) JOHN J. O'NEIL JR.  
**Filed (f) or Converted (c):** 05/29/15 (f)  
**§341(a) Meeting Date:** 07/08/15  

**Period Ending:** 08/14/18  
**Claims Bar Date:** 07/06/16

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 295 Ridge Road, Unit 2, Wethersfield 100% owner | 90,000.00 | 0.00 | | 0.00 | FA |
| 2 | Cash on hand | 20.00 | 0.00 | | 0.00 | FA |
| 3 | Bank of America - checking (#6489) | 1,612.97 | 0.00 | | 0.00 | FA |
| 4 | Bank of America - savings (#6886) | 14.66 | 0.00 | | 0.00 | FA |
| 5 | TD Bank - checking (#2172) | 206.92 | 0.00 | | 0.00 | FA |
| 6 | Miscellaneous household goods | 2,000.00 | 0.00 | | 0.00 | FA |
| 7 | Miscellaneous clothing | 800.00 | 0.00 | | 0.00 | FA |
| 8 | Miscellaneous jewelry, watch | 1,300.00 | 0.00 | | 0.00 | FA |
| 9 | Term life (through employment) - no cash value T | 0.00 | 0.00 | | 0.00 | FA |
| 10 | 401k (through employment) - not an asset of the | 0.00 | 0.00 | | 0.00 | FA |
| 11 | 2 IRAS (Personal) | 0.00 | 0.00 | | 0.00 | FA |
| 12 | Tracy Hynes (100% owner)-No Cash Value | 0.00 | 0.00 | | 0.00 | FA |
| 13 | Tatoo technician license | 0.00 | 0.00 | | 0.00 | FA |
| 14 | 2010 Kia Soul | 6,725.00 | 0.00 | | 0.00 | FA |
| 15 | Misc equipment, supplies, etc used in tattoo bus | 2,700.00 | 0.00 | | 0.00 | FA |
| 16 | 1 dog | 20.00 | 0.00 | | 0.00 | FA |
| 17 | Misc Hand and Garden Tools | 300.00 | 0.00 | | 0.00 | FA |
| 18 | Personal Injury Claim-Slip and Fall Claim (u)<br>Atty Gerald DelPiano appointed to pursue PI Claim<br>Exemption of $30,395.45 claimed in PI Claim per<br>Amended Sch C filed 6-9-15 | Unknown | 69,604.55 | | 100,000.00 | FA |
| 18 | **Assets Totals** (Excluding unknown values) | **$105,699.55** | **$69,604.55** | | **$100,000.00** | **$0.00** |

**Major Activities Affecting Case Closing:**

07/30/18 Partial settlement funds received

06/18/18 Order Approving Settlement entered. Awaiting receipt of settlement funds

041918 Atty DelPiano advises that Settlement offer of $100,000.00 has been received.

Printed: 08/14/2018 02:16 PM V.14.14

Exhibit A

Page: 2

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 15-20962-JJT  
**Case Name:** HYNES, TRACY L.  

**Trustee:** (270020) JOHN J. O'NEIL JR.  
**Filed (f) or Converted (c):** 05/29/15 (f)  
**§341(a) Meeting Date:** 07/08/15  

**Period Ending:** 08/14/18  

**Claims Bar Date:** 07/06/16

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

03/31/18  Status Conference scheduled in Superior Court on 4-19-18.

12/30/17  No Settlement offers received to date.  Trial Management conference scheduled for 6-8-18 with Jury Selection/Trial set for 6-14-18.

08/20/17  Trial daye june 2018 - Discovery proceeding...no settlement discussion antivipated  until pre trial early June 18  
3-31-17  Scheduling Conference proceeding on April 17th, 2017.  No offers of settlement to date.

12-10-16 Advised by counsel G. DelPiano matter has not settled and litigation has been filed  ocpy of writ retern date 12/20/16  Docket # CV 16-6073713S Hartford Superior Court

9.15.16  Spoke to counsel.  Is attempting to arrive at settlement.  Discussed  effect of exemptions on claim.

4-5-16  Atty DelPiano advises that debtor is still receiving physical therapy.  After completion and evaluation a rating for impairment will occur.  Estimates that she will be in therapy for several more months.  Claims representatives for condo association and maintenance company have been contacted.

Review of tort claim viability...had been  declined  by counsel..will  review in-house  
Tort claim is , due to the extensive injuty, felt to have value by counsel....counsel  appointed  
and is preparing to prosecute claim based on correspondence dated April 4th

**Initial Projected Date Of Final Report (TFR):**  December 31, 2016     **Current Projected Date Of Final Report (TFR):**  August 14, 2018  (Actual)

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 15-20962-JJT | | Trustee: | JOHN J. O'NEIL JR. (270020) |
|---|---|---|---|---|
| Case Name: | HYNES, TRACY L. | | Bank Name: | Rabobank, N.A. |
| | | | Account: | ******6566 - Checking Account |
| Taxpayer ID #: | **-***9728 | | Blanket Bond: | $19,960,270.00   (per case limit) |
| Period Ending: | 08/14/18 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 07/30/18 | {18} | UTICA NATIONAL INSURANCE GROUP | PAYMENT ON BEHALF OF DW BURR LANDSCAPE FOR SETTLEMENT OF PI CLAIM | 1242-000 | 60,000.00 | | 60,000.00 |
| 08/02/18 | {18} | COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA | PAYMENT OF CLAIM VS THE GREENS AT GILETTE RIDGE | 1242-000 | 40,000.00 | | 100,000.00 |
| 08/02/18 | 101 | TRACY L. HYNES | Exemption in Personal Injury Claim per Amended Schedule C dated 6-9-15 | 8100-002 | | 30,395.45 | 69,604.55 |
| | | | **ACCOUNT TOTALS** | | 100,000.00 | 30,395.45 | **$69,604.55** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 100,000.00 | 30,395.45 | |
| | | | Less: Payments to Debtors | | | 30,395.45 | |
| | | | **NET Receipts / Disbursements** | | **$100,000.00** | **$0.00** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******6566** | 100,000.00 | 0.00 | 69,604.55 |
| | **$100,000.00** | **$0.00** | **$69,604.55** |

{} Asset reference(s)

Printed: 08/14/2018 02:16 PM       V.14.14

# EXHIBIT C

### Case: 15-20962-JJT  HYNES, TRACY L.

Claims Bar Date: 07/06/16

| Claim Number | Claimant Name / <Category>, Priority | Claim Type/ Date Filed | Claim Ref./ Notes | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
|  | JOHN J. O'NEIL JR. 255 MAIN STREET HARTFORD, CT 06106 <2100-00 Trustee Compensation>, 200 | Admin Ch. 7 05/29/15 | [Updated by Surplus to Debtor Report based on Net Estate Value: 47633.34] | $5,513.33 $5,513.33 | $0.00 | $5,513.33 |
|  | JOHN J. O'NEIL JR. 255 MAIN STREET HARTFORD, CT 06106 <2200-00 Trustee Expenses>, 200 | Admin Ch. 7 05/29/15 |  | $26.22 $26.22 | $0.00 | $26.22 |
| 1 | Quantum3 Group LLC as agent for MOMA Funding LLC PO Box 788 Kirkland, WA 98083-0788 <7100-00 General Unsecured § 726(a)(2)>, 610 | Unsecured 04/11/16 | Pier One Okay as General Unsecured Claim | $437.68 $437.68 | $0.00 | $437.68 |
| 1I | Quantum3 Group LLC as agent for MOMA Funding LLC PO Box 788 Kirkland, WA 98083-0788 <7990-00 Surplus Cases Interest on Unsecured Claims (including priority)>, 640 | Unsecured 04/11/16 |  | $3.64 $3.64 | $0.00 | $3.64 |
| 2 | Quantum3 Group LLC as agent for MOMA Funding LLC PO Box 788 Kirkland, WA 98083-0788 <7100-00 General Unsecured § 726(a)(2)>, 610 | Unsecured 04/11/16 | Ann Taylor/Comenity Bank Okay as General Unsecured Claim | $119.71 $119.71 | $0.00 | $119.71 |
| 2I | Quantum3 Group LLC as agent for MOMA Funding LLC PO Box 788 Kirkland, WA 98083-0788 <7990-00 Surplus Cases Interest on Unsecured Claims (including priority)>, 640 | Unsecured 04/11/16 |  | $1.00 $1.00 | $0.00 | $1.00 |
| 3 | Discover Bank Discover Products INC P.O. Box 3025 New Albany, OH 43054 <7100-00 General Unsecured § 726(a)(2)>, 610 | Unsecured 04/15/16 | Okay as General Unsecured Claim | $6,551.62 $6,551.62 | $0.00 | $6,551.62 |
| 3I | Discover Bank Discover Products INC P.O. Box 3025 New Albany, OH 43054 <7990-00 Surplus Cases Interest on Unsecured Claims (including priority)>, 640 | Unsecured 04/15/16 |  | $54.56 $54.56 | $0.00 | $54.56 |

# EXHIBIT C

## Case: 15-20962-JJT    HYNES, TRACY L.

Claims Bar Date:  07/06/16

| Claim Number | Claimant Name / <Category>, Priority | Claim Type/ Date Filed | Claim Ref./ Notes | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 4 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>04/23/16 | Okay as General Unsecured Claim | $438.34<br>$438.34 | $0.00 | $438.34 |
| 4I | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083<br><7990-00   Surplus Cases Interest on Unsecured Claims (including priority)>,  640 | Unsecured<br>04/23/16 | | $3.65<br>$3.65 | $0.00 | $3.65 |
| EXEMPT | TRACY L. HYNES<br>46 Argyle Avenue<br>West Hartford, CT 06107<br><8100-00   Exemptions>,  100 | Secured<br>05/29/15 | EXEMPTION IN PI CLAIM | $30,395.45<br>$30,395.45 | $30,395.45 | $0.00 |
| ADMIN1 | Gerald A. Del Piano, Esq.<br>The Law Office of Gerald Del Piano, LLC<br>84 Connecticut Boulevard<br>East Hartford, CT 06108<br><3220-00   Attorney for Trustee Expenses (Other Firm)>,  200 | Admin Ch.  7<br>05/29/15 | | $1,150.26<br>$1,150.26 | $0.00 | $1,150.26 |
| ADMIN2 | Gerald A. Del Piano, Esq.<br>The Law Office of Gerald Del Piano, LLC<br>84 Connecticut Boulevard<br>East Hartford, CT 06108<br><3210-00   Attorney for Trustee Fees (Other Firm)>,  200 | Admin Ch.  7<br>05/29/15 | | $33,333.33<br>$33,333.33 | $0.00 | $33,333.33 |
| SURPLUS | TRACY L.  HYNES<br>46 Argyle Avenue<br>West Hartford, CT 06107<br><8200-00   Surplus Funds Paid to Debtor § 726 (a)(6) (incl pmts to shareholders & ltd part)>,  650 | Unsecured<br>05/29/15 | | $21,971.21<br>$21,971.21 | $0.00 | $21,971.21 |

**Case Total:**    $30,395.45    $69,604.55

**TRUSTEE'S PROPOSED DISTRIBUTION**  Exhibit D

Case No.: 15-20962-JJT
Case Name: HYNES, TRACY L.
Trustee Name: JOHN J. O'NEIL JR.

**Balance on hand:** $ 69,604.55

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 69,604.55

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JOHN J. O'NEIL JR. | 5,513.33 | 0.00 | 5,513.33 |
| Trustee, Expenses - JOHN J. O'NEIL JR. | 26.22 | 0.00 | 26.22 |
| Attorney for Trustee, Fees - Gerald A. Del Piano, Esq. | 33,333.33 | 0.00 | 33,333.33 |
| Attorney for Trustee, Expenses - Gerald A. Del Piano, Esq. | 1,150.26 | 0.00 | 1,150.26 |

Total to be paid for chapter 7 administration expenses: $ 40,023.14
Remaining balance: $ 29,581.41

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 29,581.41

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 29,581.41

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 7,547.35 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Quantum3 Group LLC as agent for | 437.68 | 0.00 | 437.68 |
| 2 | Quantum3 Group LLC as agent for | 119.71 | 0.00 | 119.71 |
| 3 | Discover Bank | 6,551.62 | 0.00 | 6,551.62 |
| 4 | Capital One Bank (USA), N.A. | 438.34 | 0.00 | 438.34 |

Total to be paid for timely general unsecured claims: $ 7,547.35
Remaining balance: $ 22,034.06

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 22,034.06

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 22,034.06

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.3% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $62.85. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $21,971.21.

**UST Form 101-7-TFR (05/1/2011)**